# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

```
CEMENT MASONS PENSION FUND OF   )
OF LOCAL NO. 165,               )
                                )
     Plaintiff,                 )
                                )
vs.                             )   NO. 2:06-CV-119
                                )
LAKEWOOD DESIGN BUILD, INC.,    )
                                )
     Defendant.                 )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Default Judgment, filed by Plaintiff, Cement Masons Pension Fund of Local No. 165, on June 12, 2006. For the reasons set forth below, Plaintiff's motion is **GRANTED**. The Court **ORDERS** that default judgment be entered in favor of Plaintiff and against Defendant, Lakewood Design Build, as follows: (1) $7,666.89 in delinquent contributions to the Plaintiff fund for the period of November 18, 2003, through March 31, 2005; (2) statutory post-judgment interest at a rate of 5.24% to Plaintiff on the amount identified in subsection (1); (3) court costs in the amount of $400; and (4) attorney's fees in the amount of $1,225.

BACKGROUND

On March 30, 2006, Plaintiff filed its complaint against Lakewood Design Build, seeking delinquent contributions under a collective

bargaining agreement for the period of time beginning November 18, 2003 through March 31, 2005. Plaintiff perfected service on Lakewood Design Build on May 3, 2006. No one has appeared on behalf of Defendant, Lakewood Design Build, and Defendant has not responded to the complaint. The Clerk entered default against Defendant on June 2, 2006.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgments. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge."). Entry of default must precede an entry of default judgment. *See, e.g., Hircsh v. Innovation Int'l, Inc.*, No. 91 Civ. 4130, 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992).

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct such hearings or order such references as it deems necessary and proper" to

determine the proper amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted). For example, the Court may direct an accounting if deemed necessary and proper. *See* Wright & Miller, 10A *Federal Practice and Procedure* 3 ed., § 2688 (1998) (citing *Kelley v. Carr,* 567 F. Supp. 831 (W.D. Mich. 1983) (granting a party's request for an appointment of an equity receiver and an accounting to determine damages)).

In the instant case, Plaintiff has submitted an affidavit from Arlene David, auditor for Cement Masons Pension Fund of Local No. 165. Based upon an examination of Defendant's reports and records, David attests that Lakewood Design Build is delinquent in its contributions to the Plaintiff fund in the amount of $7,666.89 for the period of November 18, 2003, through March 31, 2005.

An affidavit was also submitted by Samuel J. Goodman, attorney for Plaintiff, Cement Masons Pension Fund of Local No. 165, who attest he and Attorney Robert Greenberg billed their client a total of $1,225 for legal services in the matter of Lakewood Design Build, and that costs in the amount of $400 for filing and service of summons have been incurred by Plaintiff.

The Court finds Plaintiff's submissions sufficient to support the

damages alleged in its complaint.  Accordingly, the application is
**GRANTED** and the Court finds Defendant liable for the amounts alleged
in Plaintiff's submitted affidavits.

**DATED:   June 26, 2006**          /s/RUDY LOZANO, Judge
                                    **United States District Court**